## Rakus v. Vallish et al.

*Richard H. Klein* and *H. F. Bonno*, for plaintiff.
*Albert Lloyd* and *John Pipa*, for defendants.

CUMMINGS, J., February 25, 1936. — Plaintiff instituted an action in assumpsit against the defendants. Affidavits of defense were filed by Wally B. Vallish, Charles J. Lucas and John F. Kramer. Walter Milewski, one of the defendants, having failed to file an affidavit of defense, judgment by default was taken against him and execution issued thereon.

The property of Walter Milewski was levied upon by the sheriff and advertised for sale. Before sale, on application to the court, a restraining order was issued, restraining the sheriff from proceeding with the sale of the property of Walter Milewski until the trial of the case on its merits as against the three remaining defendants.

On the trial of the said case, the jury rendered a verdict in favor of the plaintiff and against the three defendants for a lesser amount than that claimed by the plaintiff, and a lesser amount than that for which judgment was entered against Walter Milewski by default.

In the taxation of costs, the costs of the execution and entry of judgment by default against Walter Milewski were included in the costs of the case. Defendants Wally B. Vallish, Charles J. Lucas, and John F. Kramer take the position that they are not liable for the costs of entry of judgment by default and the costs incurred on the execution issued against Walter Milewski. The question, therefore, for our consideration is whether these costs follow the verdict and may be taxed against all of the defendants on the record.

It cannot be contended that, in the event judgment by default had not been entered against Walter Milewski and a verdict had been rendered against the four, an execution could not issue against any one of the defendants and collection of the entire verdict and costs had against him. He, of course, would have his right of recovery over from the remaining three defendants.

In 15 C. J. sec. 202, page 103, under the title "Costs"

and sub-title "Where One Defendant Suffers Default", the following principle is laid down:

"According to some decisions, where two or more defendants are sued on a joint liability and one of them defaults, all defendants are equally liable for the whole costs, where those who make a defense are unsuccessful."

To hold that the issuance of an execution against Walter Milewski, against whom the judgment by default was obtained, no costs having been collected by the sheriff on the execution, prevents the plaintiff, after obtaining a verdict against the other three defendants, from collection of costs incurred by the issuance of the execution, would, in effect, be holding that the issuance of the execution against Walter Milewski and a failure to recover the debt prevent the plaintiff from proceeding against the remaining three defendants for the collection of the debt. We are firmly convinced that the entire costs with relation to this action are taxable and may be recovered from all of the defendants in the suit.

Now, to wit, February 25, 1936, the prothonotary is ordered and directed to tax, as a part of the costs in this action, the costs incurred in the issuance of the execution against Walter Milewski and the entry of judgment against him, and to enter judgment against Wally B. Vallish, Charles J. Lucas, Walter Milewski, and John F. Kramer. An exception is noted and bill sealed for Wally B. Vallish, Charles J. Lucas, and John F. Kramer, the three remaining defendants.